United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRAULIO REYNALDO BARAJAS BUSTAMANTE,

Petitioner,

v.

MARKWAYNE MULLIN, *et al*.,

Respondents.

Case No. 1:26-cv-05049-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Braulio Reynaldo Barajas Bustamante filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 17. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

## I. BACKGROUND

Based on review of the parties' submissions, the Court finds the following facts. Petitioner is a 25-year old native of Mexico who was brought to the United States at an unknown date and time when he was approximately three-years old. Dkt. No. 1 at 6; *see* Dkt. No. 6-3 at 2. He has lived continuously in the United States for the majority of his life, and his entire immediate family lives in the United States as well. Dkt. No. 1 at 6–7. There is no indication in the present record that Petitioner has previously been detained by ICE or has sought any kind of immigration relief since his entry into the United States.

On March 30, 2026, Petitioner was detained by ICE at the Ogden Justice Court where he was appearing to pay a traffic ticket. *Id*. at 7; Dkt. No. 6-3 at 2. It does not appear that ICE issued a warrant for his arrest or made any kind of determination that Petitioner was a flight risk or danger to the community prior to detaining him. And though he appeared for a bond hearing

before an immigration judge on May 12, 2026, the judge found that it lacked jurisdiction to grant bond, and did not make any substantive finding with respect to Petitioner's flight risk or danger to the community.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his continued detention violates his procedural due process rights as he is being unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), and has been denied the process he is entitled to under 8 U.S.C. § 1226(a), namely arrest upon a valid warrant and a substantive bond hearing where the immigration judge assesses flight risk and danger. *See* Dkt. No. 9–13. Respondents oppose relief, arguing that his detention is lawful under § 1225(b)(2)(A), and even if the Court rejects that argument, he has not exhausted his administrative remedies by appealing the May 12, 2026 bond denial to the Board of Immigration Appeals ("BIA"). Dkt. No. 6 at 2–3.

The Court declines to dismiss the petition for failure to exhaust administrative remedies. Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the

need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). However, as the requirement is prudential, the Court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up). Here, requiring Petitioner to exhaust his administrative remedy by appealing his bond determination to the BIA would be futile as the immigration judge did not make *any* substantive finding with respect to his flight risk or danger to the community. Rather, the judge declined to hear any evidence, stating that it lacked jurisdiction to grant release. *See* Dkt. No. 6-2 at 1. As discussed further below, refusing to consider Petitioner for release on bond is unlawful under Ninth Circuit authority.

Turning to the applicable statutory authority, as the Court has in the past, it rejects Respondents' additional argument that Petitioner may be detained under § 1225(b)(2)(A) such that they can avoid providing Petitioner with the statutory process he is entitled to under § 1226(a)—namely arresting him upon a valid warrant and providing a *substantive* bond hearing. The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not provided him with any of the process to which he was statutorily entitled to under § 1226(a), the appropriate remedy is immediate release. Petitioner *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facilit*y, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at

*3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner).

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Noël Wise
United States District Judge